UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re STEPHEN ULLRICH,<br><br>                Plaintiff,<br><br>    v.<br><br>SUPREME COURT OF THE STATE OF IDAHO,<br><br>                Defendant. | Case No. 1:25-cv-00557-AKB<br><br>**INITIAL REVIEW ORDER<br>BY SCREENING JUDGE** |

In Case no. 1:20-cv-00035-DCN, *Ullrich v. Idaho State Courts* (Case 35), United States District Judge David C. Nye entered a "Litigation Management Order" to curb Plaintiff Stephen Ullrich's frivolous and repetitive filings related to his state court conviction and sentence. (Case 35, Dkt. 2).

According to the Litigation Management Order in Case 35, Plaintiff is required to file a "Request for Authorization for Filing" of no more than three pages that must state all of the following: the federal legal basis for the cause of action Plaintiff desires to bring, the defendants Plaintiff desires to sue, the facts supporting the cause of action, and the reason why it meets the "imminent danger of serious physical injury" requirement of 28 U.S.C.§ 1915(g). The "imminent danger" requirement reflects that Plaintiff has been issued more than three strikes under 28 U.S.C. § 1915(g) for having filed three previous actions that were frivolous or malicious or failed to state a claim. *See, e.g.*, *Ullrich v. Idaho*, Case No. 1:08-cv-00076-BLW; *Ullrich v. Canyon County*, Case No. 1:06-cv-00320-EJL; *Ullrich v. Prior*, Case No. 1:06-cv-00500-EJL.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

Now pending before the Court is a "Petition for Permission" asking the Court to entertain a petition for writ of habeas corpus to again challenge his sentence. He asks the Court to hear his petition under its equitable powers. Plaintiff already has pursued a federal habeas corpus petition to completion regarding the same conviction and sentence. He has filed a total of six habeas corpus-type cases: Case no. 1:00-cv-00256-EJL, *Ullrich v. Idaho*; Case no. 1:01-cv-00436-MHW, *Ullrich v. Idaho*; Case no. 1:01-cv-00558-LMB, *Ullrich v. Sonnen, et al*. (dismissed with prejudice, with dismissal affirmed by the Ninth Circuit Court of Appeals); Case no. 1:06-cv-00231-EJL, *Ullrich v. Blades*; Case no. 1:06-cv-00320-EJL, *Ullrich v. Canyon County, et al*.; and Case no. 1:07-cv-00033-EJL, *Ullrich v. Blades*.

A "district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application" because it lacks jurisdiction to do so. *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (citations omitted). Plaintiff must petition the United States Court of Appeals for the Ninth Circuit if he desires to challenge the same conviction and sentence again. 28 U.S.C. § 2244(b)(3)(A).

To the extent that Plaintiff asks this Court to order the Idaho Supreme Court to vacate its pre-filing review order, that request must be denied. The federal district court has no authority to order state courts to take action on their dockets and "lacks jurisdiction to issue a writ of mandamus to a state court." *Demos v. U.S. Dist. Court, E. Dist. of Wash.*, 925 F.2d 1160, 1161 (9th Cir. 1991) (citing 28 U.S.C. § 1651).

Regardless of how strongly Plaintiff feels about the wrongfulness of his current confinement, he has exhausted his remedies for seeking a federal writ. There are no federal avenues left open for Plaintiff to challenge his conviction and sentence, and continuing to do so results in frivolous filings. "It is malicious per se for a pauper to file successive In Forma Pauperis suits that

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

duplicate claims made in other pending or previous lawsuits." *Brinson v. McKeeman*, 992 F. Supp. 897, 912 (D. Tex. 1997); *see Scott v. Weinberg*, 2007 WL 963990, at *12 (D. Wash. 2007) (malicious suits include those that are "plainly abusive of the judicial process or merely repeat[] pending or previously litigated claims"); *Thomas v. Commonwealth of Virginia*, 2005 WL 1074333, at *5 (D. Va. 2005) (repetitive lawsuit was frivolous and malicious where plaintiff was told in his previous suit that he had not stated a claim).

This entire case is subject to dismissal for lack of jurisdiction and failure to meet the standards set forth in the pre-filing review order in the federal district court.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Petition for Permission (Dkt. 1) is DENIED.

2. This case is DISMISSED for lack of jurisdiction and failure to meet the standards set forth in the pre-filing review order.

3. Plaintiff's Motion for Appointment of Counsel (Dkt. 2) is DENIED.

4. Plaintiff's Motion to Clarify (Dkt. 3) is GRANTED to the extent the Court reiterates it has no jurisdiction to entertain second or successive petitions challenging the same conviction or sentence without authorization from the Ninth Circuit Court of Appeals, and it is DENIED in all other aspects.

5. Plaintiff's Motion for a Response (Dkt. 6) is DENIED.

6. A pre-filing review Order was issued in Case no. 17-80090 in the Ninth Circuit Court of Appeals. For purposes of appeal, the Court finds this case frivolous, as it is an attempt to

contest the same issues that have already been litigated to a conclusion in federal habeas corpus and civil rights cases.

DATED: January 12, 2026

Amanda K. Brailsford
U.S. District Court Judge

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4